**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VALLE FLOW STRIKING LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>**Defendants.** | **Civil Action No. 26-1692 (JDB)** |

**ORDER**

Valle Flow Striking LLC ("Valle Flow") brought this action on May 18, 2026, alleging that defendants arbitrarily and capriciously denied its Form I-129 Petition for a Nonimmigrant Worker in violation of the Administrative Procedure Act (APA). Compl. [ECF No. 3]. On August 10, 2026, defendants filed a motion to dismiss or alternatively transfer this action. Defs.' Mot. to Dismiss [ECF No. 5]. Valle Flow failed to respond to defendants' motion within 14 days pursuant to Local Rule 7(b). On September 25, this Court ordered Valle Flow to file a response to defendants' motion by not later than October 2, over a month after the response was originally due, or else the case would be dismissed. Sept. 25, 2026 Minute Order. Valle Flow has not done so. Because Valle Flow has failed to file a timely opposition to defendants' motion to dismiss, the motion is deemed conceded. See Local Rule 7(b) (permitting a court to "treat [a] motion as conceded" where the opposing party fails to "file a memorandum of points and authorities in opposition to the motion" "[w]ithin 14 days of the date of service or at such other time as the Court may direct"); Cohen v. Bd. of Trs. of the Univ. of the D.C., 819 F.3d 476, 480 (D.C. Cir. 2016) (affirming district court's decision to grant motion to dismiss complaint for failure to comply with Rule 7(b)).

In any event, the Court also finds that Valle Flow's complaint does not challenge final agency action as required by the APA. See 5 U.S.C. § 704. Valle Flow challenges the Government's denial of its Form I-129 Petition; however, "the petition has since been reopened" and is being processed as of September 25, 2026. Defs.' Mot. to Dismiss [ECF No. 5] at 2; USCIS, Case Status Online, https://egov.uscis.gov (receipt number IOE8347581258). The agency's reopening of the petition renders the agency's action nonfinal. See Angelica Paola Trilleras Gomez v. Mullin, Civ. A. No. 26-2364, 2026 WL 2690528, at *8 (D.D.C. Sept. 14, 2026) (collecting cases).[1]

Upon consideration of [5] defendants' motion to dismiss or alternatively transfer, plaintiff's failure to respond pursuant to Local Rule 7(b), and the entire record herein, it is hereby **ORDERED** that defendants' motion to dismiss is **GRANTED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: October 6, 2026

[1] Reopening the petition may not render the agency action nonfinal if there is "a clear record of agency subterfuge." Angelica Paola Trilleras Gomez, 2026 WL 2690528, at *8. There is no such record here.